**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
                                    :
ARTHUR S. DIXON,                    :   CIVIL ACTION NO. 06-4224 (MLC)
                                    :
     Plaintiff,                     :   MEMORANDUM OPINION
                                    :
     v.                             :
                                    :
PAMELA DIXON KUHN,                  :
                                    :
     Defendant.                     :
_____:
```

**COOPER, District Judge**

The Court ordered Arthur S. Dixon to show cause why, assuming he intended to (1) bring an original action in federal court, the complaint should not be dismissed, or (2) remove an action from state court to federal court, the action should not be remanded to state court. The Court will grant the order to show cause and dismiss the complaint.

                              **BACKGROUND**

Dixon, who appears pro se, instituted an action in this Court with an initial pleading containing over 300 pages, including exhibits. (Dkt. entry no. 1.) He identified the pleading as a "complaint" (Initial Pleading, at 1, 21), yet appeared to seek removal of a state court action brought by Pamela Dixon Kuhn against him. (Id. at 2-3, 18.) However, there is no indication that a state court action brought against him has been properly removed.

Dixon asserts jurisdiction under 28 U.S.C. § ("Section") 1332 — he is a Pennsylvania citizen and Kuhn is a New Jersey citizen —

and Section 1331 "for several federal questions of due process." (Initial Pleading, at 1.)

Dixon's initial pleading is entitled:

PETITION FOR VACATION OF JUDGMENT OF STATE COURT ORDER ON CONSTITUTIONAL GROUNDS AND FOR FEDERAL DISTRICT COURT REVIEW AND REVERSAL OF DISCRIMINATORY NEW JERSEY STATE JUDICIAL COLLEGE SUPPORT (<u>NEWBURGH V. ARRIGO</u> CASE LAW) ORDER AGAINST A NON-CUSTODIAL DIVORCED PARENT.

(<u>Id.</u>)  He asserts that Kuhn has brought a proceeding to increase child support payments against him in New Jersey Superior Court, Ocean County, under "Docket No. FM-15-416-92W, differentiating this new action from the old divorce case, Docket No. FM-15-416-92, that ended over ten years ago."  (<u>Id.</u> at 3; <u>see</u> <u>id.</u>, Ex. E, Dixon Aff., at ¶ 1 (stating he is defendant in "civil action family matter" instituted in state court by Kuhn).)

He "filed an Appeal (Docket No. A-005701-05T3) on July 10, 2006 with the [New Jersey] Appellate Division" from a "May 26, 2006 New Jersey Superior Court Order" issued after a "modification of child support hearing on May 24, 2006," of which "he was never notified and had <u>no</u> <u>knowledge</u>."  (Initial Pleading, at 3 (emphasis in original).)  He also alleges that his motion "to 'Supplement the Record' with [his] side of the story was inexplicably denied without comment on August 30, 2006, but the appeal itself to vacate the trial court judgment is still pending before the Appellate Division."  (<u>Id.</u> at 4.)

> The basis of his claims in the initial pleading is that in:
>
> determining child support, the judge in the Ocean County civil trial court deliberately and falsely established, without factual support, an inordinately high annual income figure for [Dixon] . . . . [T]he trial court judge entered an order for 'retroactive' child (college) support . . . .
>
> . . . .
>
> The Superior Court of New Jersey, Ocean County, denied [Dixon] due process of law guaranteed under the Fourteenth Amendment of the United States Constitution by conducting a hearing against [Dixon] and proceeding to judgment (May 24, 2006) after failing to serve [Dixon] with the complaint in the matter.

(Id. at 4-6; see id. at 10 (alleging "systematic pattern" of violation of constitutional rights in state court proceedings).) He acknowledges that "[c]learly, the herein case derives from a matrimonial action over which the lower [state] court had and has jurisdiction." (Id. at 10.) He requests that this Court (1) "[vacate] the New Jersey Superior Court, Ocean County Order of judgment, dated May 26, 2006," (2) "find that the judicial proceedings and in particular the hearing of May 24, 2006 were not legally valid," and (3) "find . . . that the hearing of May 24, 2006 be adjudged legally null and void and therefore the judgment rendered on May 24, 2006 vacated by this Court." (Id. at 37.)

Dixon has annexed to his initial pleading (1) the order of New Jersey Superior Court, Ocean County, filed May 26, 2006, (2) his notice of appeal filed with the New Jersey Appellate Division on July 10, 2006, and (3) a briefing schedule issued by the New Jersey Appellate Division  (Id., Exs. F-G, W.)

**DISCUSSION**

The Court is authorized to examine jurisdiction <u>sua</u> <u>sponte</u>. <u>See</u> Fed.R.Civ.P. 12(h)(3) (stating court shall dismiss complaint if jurisdiction appears lacking); <u>see also</u> 28 U.S.C. §§ 1446(a), 1447(c) (stating removing party bears burden of demonstrating jurisdiction, and authorizing court to examine jurisdiction and remand action <u>sua</u> <u>sponte</u>).  Thus, the Court issued an order to show cause concerning jurisdiction.  (Dkt. entry no. 3.)

**I.   Assuming Initial Pleading Is Complaint**

The Court assumed first, <u>arguendo</u>, that Dixon intended to bring an original action in federal court as a plaintiff, and that Kuhn is the defendant.  (12-11-06 Order to Show Cause, at 4.) Dixon "plainly seeks to void or overturn adverse rulings entered in the [child support] litigation by the [New Jersey Superior] Court."  <u>McAllister v. Allegheny County Fam. Div.</u>, 128 Fed.Appx. 901, 902 (3d Cir. 2005).

This Court lacks jurisdiction over a domestic relations matter involving child support.  <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 702-04 (1992); <u>see</u> <u>Galtieri v. Kane</u>, No. 03-2994, slip op. at 3 (3d Cir. Mar. 4, 2004) (stating court has no jurisdiction over domestic relations matter even when complaint drafted in tort, contract, "or even under the federal constitution"); <u>Donohue v. Pataki</u>, 28 Fed.Appx. 59, 61 (2d Cir. 2002) (stating federal district court lacks jurisdiction to invalidate or review

4

state court decision on child support payment). Thus, it appeared that Dixon's complaint should be dismissed under the domestic relations exception to federal jurisdiction.

    This Court also lacks jurisdiction over claims that were — or could have been — raised in state proceedings, where the losing party may seek review through the state appellate process and, if warranted, certiorari to the United States Supreme Court. D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923). A losing party may not "seek[] what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). Thus:

> The Rooker-Feldman doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling. Stated another way, Rooker-Feldman does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders.

McAllister, 128 Fed.Appx. at 902 (cites and quotes omitted).

    It appeared that Dixon's complaint here should be dismissed under the Rooker-Feldman doctrine, because he can raise his claims — and seek review of any order or judgment — in state court, and through the appropriate appellate process. See id. (affirming order dismissing claim, as relief sought "can only be predicated

upon a finding that the state court has made incorrect factual and legal determinations in entering its orders"). Indeed, Dixon is availing himself of the appellate process in the New Jersey state courts.

This Court also should abstain from exercising jurisdiction in an action when there are ongoing state proceedings implicating important state interests, and there is an adequate opportunity to raise federal claims therein. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971). Dixon is involved in ongoing child support proceedings, particularly as he is pursuing an appeal in state court, and thus it appeared that his complaint here should be dismissed under the Younger abstention doctrine. See Anthony v. Council, 316 F.3d 412, 418-21 (3d Cir. 2003) (concerning action brought by persons subject to state court orders on child support).

**II. Assuming Initial Pleading Is Notice Of Removal**

The Court then assumed, arguendo, that Dixon properly removed an action from state court. (12-11-06 Order to Show Cause, at 6.) However, the Court would still lack jurisdiction under the domestic relations exception, discussed supra. Thus, it appeared that the action should be remanded to state court on that ground.

Dixon also appeared to be attempting to sidestep the state appellate process by removing the action to federal court. A

6

party dissatisfied by a judgment issued by a state trial court is barred by the Rooker-Feldman doctrine from then removing the state court action to federal court, rather than exhausting state appellate remedies.  See State Farm Indem. v. Fornaro, 227 F.Supp.2d 229, 241-21 (D.N.J. 2002) (remanding action to state court, as removing party sought review of state court judgment); see also E.B. v. Verniero, 119 F.3d 1077, 1090 (3d Cir. 1997) (stating Rooker-Feldman doctrine bars federal district court from reviewing decision of lower state court); Port Auth. Police Benv. Ass'n v. Port Auth. of N.Y. & N.J. Police Dep't, 973 F.2d 169, 177-78 (3d Cir. 1992) (same).  Thus, it appeared that the action should be remanded to state court on that ground as well.

**III. Dixon's Response**

Dixon has submitted over 80 pages, including exhibits, in response to this Court's inquiry.  (Dkt. entry nos. 5-6, 12-30-06 Response ("12-30-06 Resp."), & 1-3-07 "Motion In Response" ("1-3-07 Resp.").)  He argues that this action concerns the "unconstitutional denial of due process to [him] in the state trial court" involving "claims for college support."  (12-30-06 Resp., at 2.)  He states, again, that Kuhn moved:

> in the state trial court, the Superior Court of New
> Jersey, Ocean County, for an increase in child support.
> A hearing was held on May 26, 2006 and an order entered
> on May 31, 2006.  An appeal of the Order was filed with
> the Appellate Division of the Superior Court of New
> Jersey by Dixon on July 10, 2006.

7

(Id. (citations omitted); see id. at 11 (stating state court "adjudicat[ed]" him "liable for retroactive child support").)  He argues that he "can only receive an adequate and therefore fair hearing of his challenge to the trial court adjudication of child support in this United States District Court of New Jersey."  (1-3-07 Resp., at 6; see id. at 10 (seeking "District Court of New Jersey to adjudicate the state court issues of child support and support for college").)  He also alleges several constitutional violations committed by the state courts. (See id. at 5-6; 12-30-06 Resp., at 11-15.)

The Court has carefully reviewed Dixon's responses in full. (Id. at 1-24; 1-3-07 Resp., at 1-21.)  They are without merit.  Dixon also has not demonstrated that he properly removed an action from state court.  (See 12-30-06 Resp., at 3-4, 17.)  See, e.g., 28 U.S.C. § 1446(d) (requiring removing party to file copy of removal notice with clerk of state court in order to effect removal).

**CONCLUSION**

The Court will treat this action as one that has been initiated in federal court, and not removed from state court.  The Court will grant the order to show cause, and dismiss the complaint pursuant to Younger abstention and the Rooker-Feldman doctrine, and, in the alternative, the domestic relations

8

exception.[1]  The Court will issue an appropriate order and judgment.[2]

                                                         s/ Mary L. Cooper
                                                   **MARY L. COOPER**
                                                   United States District Judge

---

[1]  The Court may dismiss a complaint pursuant to both <u>Younger</u> abstention and the <u>Rooker</u>-<u>Feldman</u> doctrine.  <u>See</u> <u>Kelly v. Kelly</u>, No. 04-2616, slip. op. at 4-5 (3d. Cir. Dec. 3, 2004).

[2]  Dixon stated that he would seek relief in the Third Circuit Court of Appeals if he did not prevail here.  (12-30-06 Resp., at 23-24.)  He should refrain from using the kind of inflammatory language found in his papers filed here.  (<u>See</u> <u>id.</u> at 3 ("Kuhn had married her consort during the original divorce hearings"); Compl. at 14 (accusing state court judge of "free and loose abuse of judicial authority", "ignorance", and "arrogance").)